# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JORGE TEJEDA (#M38039), | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 17 C 7679 |
| v. | ) |
| | ) |
| DAVID RAINS, Warden, Robinson | ) |
| Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Jorge Tejeda's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Petitioner's habeas petition and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). [1]. Civil case terminated.

## BACKGROUND

When considering § 2254 habeas petitions, federal courts must presume as correct the factual findings made by the last state court to decide the case on the merits unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Hicks v. Hepp,* 871 F.3d 513, 525 (7th Cir. 2017). Where Petitioner has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's findings in *People v. Tejeda,* 2017 IL App (2d) 150547-U (2d Dist. May 19, 2017) (unpublished).

After a 2012 trial in the Circuit Court of Kane County, a jury convicted Petitioner of unlawful possession of a controlled substance with the intent to deliver in violation of 720 ILCS

570/401(a)(2)(D). On June 5, 2013, the Circuit Court sentenced Petitioner to fifteen years in prison. On direct appeal, the Illinois Appellate Court granted Petitioner's motion for a summary remand to reflect a credit against the street-value fine on October 2, 2014. Petitioner did not file a petition for leave to appeal ("PLA") to the Supreme Court of Illinois in relation to his direct appeal.

In March 2015, Petitioner filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, raising the following claims: (1) his trial counsel failed to investigate an entrapment defense; (2) there was a break in the chain of custody for the cocaine evidence; (3) the State committed a *Brady* violation by not disclosing a lab request; (4) the Circuit Court erred in not granting a motion to suppress his statement; (5) the Circuit Court erred in giving the circumstantial evidence jury instruction; and (6) ineffective assistance of appellate counsel for failing to raise the issue about the chain of custody. On May 1, 2015, the Circuit Court summarily dismissed the post-conviction petition.

Petitioner timely appealed and the Circuit Court appointed the Office of the State Appellate Defender to represent him. Appointed counsel then filed a motion to withdraw as counsel under *Pennsylvania v. Finley,* 481 U.S. 551 (1987). Petitioner filed a pro se response to counsel's *Finley* motion arguing: (1) there was a break in the chain of custody in relation to the cocaine evidence; (2) the State committed a *Brady* violation; and (3) ineffective assistance of appellate counsel for failing to raise an issue about the chain of custody. The Illinois Appellate Court granted counsel's *Finley* motion on May 19, 2017.

Thereafter, Petitioner filed a PLA to the Supreme Court of Illinois. In his post-conviction PLA, Petitioner argued that the State failed to prove a sufficient chain of custody for the cocaine

evidence and that his trial and appellate counsel were constitutionally ineffective. The Supreme Court of Illinois denied Petitioner's PLA on September 27, 2017.

### III. Habeas Petition

On October 24, 2017, Petitioner filed the present pro se petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254(d). Construing Petitioner's pro se allegations liberally, *see Thomas v. Williams*, 822 F.3d 378, 385 (7th Cir. 2016), he asserts that his appellate counsel was constitutionally ineffective in violation of the Sixth Amendment for failing to raise the alleged chain of custody violation in relation to the cocaine evidence.

## LEGAL STANDARDS

### I. Habeas Relief

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. "Needless to say, the AEDPA standard of review is a difficult standard, and it was meant to be." *Baer v. Neal*, 879 F.3d 769, 776 (7th Cir. 2018).

3

## II.     Exhaustion and Procedural Default

"A federal habeas corpus petitioner is required to exhaust his available state remedies before seeking federal relief." *Lisle v. Pierce,* 832 F.3d 778, 785 (7th Cir. 2016) (citing 28 U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). More specifically, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). If a habeas petitioner fails to fully and fairly present his federal claims through one full round of state court review, he has procedurally defaulted his claims. *Tabb v. Christianson,* 855 F.3d 757, 765 (7th Cir. 2017). Also, "a federal court may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the federal court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986); *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). A fundamental miscarriage of justice

4

occurs when a habeas petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496; *see also Hicks,* 871 F.3d at 531.

## ANALYSIS

I. **Habeas Claim – Ineffective Assistance of Appellate Counsel**

Petitioner's only habeas claim is that his appellate counsel provided constitutionally ineffective assistance of counsel for failing to raise the alleged chain of custody violation in relation to the cocaine evidence. Respondent argues that this claim is procedurally defaulted because Petitioner did not fully and fairly present it in one complete round of state court review. *See Hicks,* 871 F.3d at 530 ("petitioner must 'fairly present' his constitutional claims through at least one complete round of the state's established appellate review process before presenting the claims to a federal court for habeas review."). More specifically, Respondent points out that although Petitioner raised this claim in his post-conviction petition and on post-conviction appeal, he did not raise this claim in his post-conviction PLA to the Supreme Court of Illinois. Instead, Respondent contends that Petitioner's claim in his PLA concerned both trial and appellate counsel's ineffective assistance in relation to the alleged fair trial claim based on *Brady v. Maryland,* 373 U.S. 83 (1963).

Construing pro se Petitioner's PLA liberally, despite Respondent's argument to the contrary, Petitioner did raise his ineffective assistance of appellate counsel claim based on the failure to bring the alleged chain of custody claim. As with Sixth Amendment ineffective assistance of trial counsel claims, courts apply the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984) to evaluate the effectiveness of appellate counsel. *See Smith v. Robbins,* 528 U.S. 259, 285 (2000); *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). As to the *Strickland* performance prong, an appellate counsel's performance is constitutionally

5

deficient if counsel fails to appeal an issue that is obviously and clearly stronger than the claims counsel did raise on appeal. *See Walker v. Griffin*, 835 F.3d 705, 709 (7th Cir. 2016). Under this standard, appellate counsel does not have to present losing arguments on appeal. *See Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001). To establish the *Strickland* prejudice prong, Petitioner must show that there is a reasonable probability that the issues appellate counsel did not raise would have changed the outcome of his appeal. *See Smith*, 528 U.S. at 285; *Johnson v. Thurmer,* 624 F.3d 786, 793 (7th Cir. 2010).

Here, Petitioner cannot establish the *Strickland* performance prong because the post-conviction Illinois Court of Appeals considered the merits of his chain of custody claim and rejected it. More specifically, the Illinois Appellate Court concluded that the Petitioner's ineffective assistance of appellate counsel claim was without merit because the underlying chain of custody claim was untenable. *People v. Tejeda,* 2017 IL App (2d) 150547-U ¶ 5 (2d Dist. May 19, 2017) (unpublished). In particular, the arresting police had borrowed a brick of cocaine from the DuPage County Sheriff's Department – that weighed either 992 or 978 grams – for a reversal buy bust, but the brick of cocaine seized at Petitioner's arrest and then tested weighed 1004.4 grams. *Id*. Petitioner argued that the discrepancy between the cocaine that was borrowed and the weight of the cocaine used in the transaction establishes that the State failed to establish a sufficient chain of custody. *Id*. The Illinois Appellate Court concluded that the State need not account for the difference between the amount borrowed from the DuPage County Sheriff's Department and the amount seized, but rather the State was required to protect the evidence from the time it was seized. *See People v. Woods*, 214 Ill. 2d 455, 467 (2005) ("State must demonstrate, however, that reasonable measures were employed to protect the evidence from the

time that it was seized and that it was unlikely that the evidence has been altered"). As such, Petitioner's *Strickland* claim relying on the chain of custody argument fails.

The Illinois Appellate Court also addressed Petitioner's argument that the actual amount of cocaine seized weighed 1000 grams and that the tested amount was 1032.4 grams concluding that this claim was forfeited because Petitioner did not raise it in his post-conviction petition. *See* 725 ILCS 5/122-3. As such, any habeas claim based on these different weights is procedurally defaulted because the state court denied it on an adequate and independent state procedural rule. *See Davila v. Davis,* 137 S. Ct. 2058, 2064 (2017). Petitioner has not offered an exception to this procedural default, therefore, the Court cannot review the merits of this claim. *See Thomas v. Williams,* 822 F.3d 378, 384 (7th Cir. 2016).

## II. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present ruling. Simply put, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Flores-Ramirez v. Foster,* 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; 28 U.S.C. § 2253(c)(2). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

7

presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336. In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 485, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, Petitioner has not established that reasonable jurists would debate the Court's conclusion that he cannot establish his ineffective assistance of appellate counsel claim under *Strickland*. Also, a reasonable jurist would not conclude the Court erred in ruling that Petitioner has procedurally defaulted his habeas claim based on the different weights of the cocaine at issue. *See id*. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," the claim is not debatable). As such, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Petitioner's petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d)(1).

**Dated:** March 5, 2018

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Judge**

8